**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BARAKA NORWOOD,

                       Plaintiff,                    Case Number: 2:13-CV-14021

v.                                     HONORABLE GERSHWIN A. DRAIN
                                     UNITED STATES DISTRICT JUDGE

RHONDA HERNANDEZ, ET AL.,

                       Defendants.

_____/

## <u>ORDER OF SUMMARY DISMISSAL</u>

Plaintiff Baraka Norwood filed a *pro se* civil rights Complaint pursuant to 42
U.S.C. § 1983.  He is proceeding without prepayment of the filing fee under 28 U.S.C. §
1915(a)(1).  Plaintiff is currently incarcerated at the Kinross Correctional Facility in
Kincheloe, Michigan pursuant to several robbery convictions.  In his Complaint, Plaintiff
alleges that his right to be free from an unlawful search and seizure was violated by
Defendants Rhonda Hernanadez, Kyle Bawks and by Brian Begole.  He further alleges
that Defendants Kevin Day and Brian Begole withheld exculpatory video evidence of the
incident.  Plaintiff seeks declaratory relief.  The Court will DISMISS the Complaint,
pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which
relief may be granted.

**I.**      **Background**

According to the Complaint, during the early morning hours of July 23, 2008,
Defendant Hernandez identified Plaintiff's vehicle as suspicious and followed him into a
gas station parking lot.  When Plaintiff exited the gas station's store, Hernandez asked

Plaintiff whether he had a driver's license.  Plaintiff admitted that he did not have a valid

driver's license.  Hernandez approached Plaintiff's vehicle with him and observed cash

strewn across the vehicle's back seat.  Hernandez learned from dispatch that a Taco

Bell in Eaton County had been robbed earlier in the evening.  Hernandez, according to

Plaintiff, then climbed into the vehicle's back seat and retrieved a backpack that fit the

description of a backpack used by the Taco Bell robbers.  Hernandez was ultimately

assisted at the scene by Defendants Deputy Kevin Day and Sergeant Brian Begole.

Plaintiff ultimately was convicted of two counts of armed robbery in connection with the

Taco Bell robbery.

Plaintiff argues that Hernandez, Day, and Begole's actions violated his Fourth

Amendment right to be free from unreasonable search and seizure.  He also alleges

that defendants Hernandez, Banks, Day, and Begole destroyed or failed to maintain the

patrol car's dash cam videotape of the arrest.

## II.    Standard

Plaintiff has been granted leave to proceed without prepayment of the filing fee

for this action due to his indigence.  Under the Prison Litigation Reform Act ("PLRA"),

the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before

service on a defendant if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §

1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While a complaint need not contain

"detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to

2

relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and footnote omitted).

## III.   Discussion

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a claim challenging the fact of confinement rather than a condition of confinement is improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

Some courts have held that *Heck* carves out an exception to the favorable termination requirement for Fourth Amendment claims. *See, e.g., Beck v. City of*

3

*Muskogee Police Dep't*, 195 F.3d 553, 558 & n.3 (10th Cir. 1999); *Copus v. City of Edgerton*, 151 F.3d 646, 648-49 (7th Cir. 1998).  However, the Sixth Circuit has "emphatically rejected" such a reading.  *Bell v. Raby*, 2000 WL 356354, *6 (E.D. Mich. Feb. 28, 2000).  The Sixth Circuit Court of Appeals has held: "The language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of a § 1983 suit."  *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

Plaintiff has not shown that his convictions have been overturned or declared invalid.  Thus, Plaintiff's claims are not properly filed under 42 U.S.C. § 1983 and the complaint will be dismissed without prejudice.  *Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that cases dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiffs may re-assert their claims if they obtain reversal or expungement of their convictions).

Accordingly, **IT IS ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2013

4